**FILED**

MAR 22 2016

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BERNARD SMITH, JR., <br><br> Plaintiff, <br><br> vs. <br><br> WARDEN RON DAVIS, et al., <br><br> Defendants. | No. C 16-0156 LHK (PR) <br><br> ORDER OF PARTIAL DISMISSAL; ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION |

Plaintiff, a California state prisoner proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983. For the reasons stated below, the court dismisses two defendants because plaintiff has failed to state a claim against them, and orders service upon the remaining defendants. The court directs the surviving defendants to file a dispositive motion or notice regarding such motion.

## DISCUSSION

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.

§ 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.  Legal Claims

Plaintiff is a practicing Muslim incarcerated at San Quentin State Prison ("SQSP"). As part of his religious beliefs, plaintiff must pray five times daily at specified times: specifically at Zhur (noon) and Asr (afternoon) prayer during "opening dayroom" when all prisoners are allowed to participate in recreational activities. By doing so, plaintiff believes that he will receive between 25-27 times more blessings during a congregational prayer than during individual prayer. At the time, SQSP staff had imposed a rule prohibiting SQSP Muslim inmates from offering congregational prayer in groups of more than 4 inmates at a time.

Initially, Muslim prisoners on the West Block at SQSP were not permitted to engage in congregational prayer groups with more than 4 Muslim prisoners during "open dayroom" even though a group of about 25 Christian prisoners was simultaneously offering a congregational prayer and was not interrupted by correctional staff. Plaintiff and other Muslim prisoners filed a group administrative appeal, complaining that they were being discriminated against based on their religion. At the third level of review, plaintiff's appeal was granted, and the complaint was referred to the Religious Review Committee. On May 14, 2014, the Religious Review Committee decided to allow Muslim prisoners at SQSP to participate in congregational prayer of no more than 15 prisoners during "open dayroom."

However, on November 17, 2014, defendants Albritton and Kluger issued an order that congregational Zhur and Asr prayer during open dayroom was no longer permitted. Plaintiff was told that Muslim prisoners could have one congregational prayer per day during "open dayroom." Muslim inmate Khalifah E.D. Saif'ullah filed an administrative appeal the next day

against defendants. At the third level of review, the appeal was granted, and the warden was ordered to conduct another Religious Review Committee to modify the May 14, 2014 order by offering congregational prayer five times a day to Muslim prisoners, especially during "open dayroom."

In the underlying federal complaint, plaintiff alleges that prison officials have refused to comply with this third level of review directive, and have not conducted a Religious Review Committee meeting. Plaintiff also alleges that Muslim prisoners are currently not allowed to meet in groups of 5 or more for congregational prayer groups while Christians and Jewish prisoners are permitted to meet for congregational prayer as often as they want during "open dayroom."

Liberally construed, plaintiff has stated cognizable claims that defendants Albritton and Kluger violated the First Amendment Free Exercise Clause, First Amendment Establishment Clause, First Amendment right against retaliation, Fourteenth Amendment right to equal protection, and the Religious Land Use and Institutionalized Persons Act.

Plaintiff's allegations against defendants Davis and Mitchell, however, are dismissed with prejudice. According to plaintiff, Mitchell was assigned to the second level of review for Inmate Saif'ullah's November 18, 2014 administrative appeal, but did not ultimately rule on the appeal. Instead, Davis conducted the second level review and denied the appeal at the second level. (Compl. at 7.) Plaintiff then succeeded at the third level of review, but does not identify the third level reviewers.

Plaintiff also states that Davis and Mitchell have not complied with the third level of review's decision to "determine, establish, and make available the least restrict alternative through the [Religious Review Committee] to allow plaintiff and similarly situated Muslim prisoners to offer more than one congregational prayer in West Block . . . ." (*Id.* at 7-8.) However, Davis and Mitchell's role was limited to participating in the second level of review. Neither participated in the actual restriction of the any prisoner's congregational prayer.

Plaintiff's allegations fail to state a cognizable claim against Davis and Mitchell.

1   Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 only if the plaintiff
2   can show that the defendant's actions both actually and proximately caused the deprivation of a
3   federally protected right. *See Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d
4   1062, 1085 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Here, plaintiff
5   fails to show causation. According to plaintiff, neither Davis nor Mitchell were involved in the
6   November 14, 2014 directive to limit the number of congregational prayers or the number of
7   Muslim prisoners per congregational prayer, which is the event from which plaintiff's claims
8   stem. In fact, Davis and Mitchell could not have caused the alleged violations because Davis
9   and Mitchell were not involved until after the alleged violations had already occurred. *See*
10  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A supervisor is only liable for
11  constitutional violations of his subordinates if the supervisor participated in or directed the
12  violations, or knew of the violations and failed to act to prevent them."); *Leer*, 844 F.2d at 633
13  ("A person deprives another of a constitutional right, within the meaning of section 1983, if he
14  does an affirmative act, participates in another's affirmative acts, or omits to perform an act
15  which he is legally required to do, that *causes* the deprivation of which the plaintiff complains")
16  (emphasis in original). Therefore, plaintiff has failed to state a cognizable claim for relief
17  against Davis and Mitchell.
18          To the extent plaintiff alleges that Davis and Mitchell are liable for denying plaintiff's
19  administrative appeal, there is no constitutional right to a prison grievance system. *See Ramirez*
20  *v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoners lack a separate
21  constitutional entitlement to a specific prison grievance system). Consequently, the denial of
22  plaintiff's administrative appeal cannot be the basis of liability under Section 1983. *See, e.g.,*
23  *Wright v. Shapirshteyn*, No. CV 1-06-0927-MHM, 2009 WL 361951, *3 (E.D. Cal. Feb.12,
24  2009) (noting that "where a defendant's only involvement in the allegedly unconstitutional
25  conduct is the denial of administrative grievances, the failure to intervene on a prisoner's behalf
26  to remedy alleged unconstitutional behavior does not amount to active unconstitutional behavior
27  for purposes of § 1983"); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) (holding that
28

only persons who cause or participate in civil rights violations can be held responsible and that "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation").

A district court must afford pro se prisoner litigants an opportunity to amend their complaints to correct any deficiencies in their complaints. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). However, leave to amend need not be given where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). Here, Davis and Mitchell cannot be liable for the alleged violations because Davis and Mitchell did not become involved until after the alleged violations occurred. In addition, Davis and Mitchell's involvement was limited to reviewing and/or denying plaintiff's administrative appeal, but there is no constitutional right to a prison grievance system, and the denial of plaintiff's administrative appeal cannot be the basis of Section 1983 liability. *See Ramirez*, 334 F.3d at 860 (holding that prisoners lack a separate constitutional entitlement to a specific prison grievance system). Thus, it is clear that any amendment would be futile. Davis and Mitchell are dismissed with prejudice and without leave to amend.

## CONCLUSION

1. Defendants Davis and Mitchell are dismissed with prejudice for failure to state a claim against them.

2. The clerk of the court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 1), and a copy of this order to **Associate Warden S.R. Albritton and Correctional Lt. R. Kluger** at **San Quentin State Prison**. The clerk of the court shall also mail a courtesy copy of the complaint and a copy of this order to the California Attorney General's Office. Additionally, the clerk shall mail a copy of this order to plaintiff.

3. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure

1  requires them to cooperate in saving unnecessary costs of service of the summons and complaint.
2  Pursuant to Rule 4, if defendants, after being notified of this action and asked by the court, on
3  behalf of plaintiff, to waive service of the summons, fail to do so, they will be required to bear
4  the cost of such service unless good cause be shown for their failure to sign and return the waiver
5  form. If service is waived, this action will proceed as if defendants had been served on the date
6  that the waiver is filed, and defendants will not be required to serve and file an answer before
7  **sixty (60) days** from the date on which the request for waiver was sent. Defendants are asked to
8  read the statement set forth at the bottom of the waiver form that more completely describes the
9  duties of the parties with regard to waiver of service of the summons. If service is waived after
10 the date provided in the Notice but before defendants have been personally served, the Answer
11 shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty**
12 **(20) days** from the date the waiver form is filed, whichever is later.

13      4.   No later than **sixty (60) days** from the date the waivers are sent from the court,
14 defendants shall file a motion for summary judgment or other dispositive motion with respect to
15 the cognizable claims in the complaint. Any motion for summary judgment shall be supported
16 by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal
17 Rules of Civil Procedure. **Defendants are advised that summary judgment cannot be**
18 **granted, nor qualified immunity found, if material facts are in dispute. If defendants are of**
19 **the opinion that this case cannot be resolved by summary judgment, they shall so inform**
20 **the court prior to the date the summary judgment motion is due.**

21      5.   Plaintiff's opposition to the dispositive motion shall be filed with the court and
22 served on defendants no later than **twenty-eight (28) days** from the date defendants' motion is
23 filed. Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and
24 *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must
25 come forward with evidence showing triable issues of material fact on every essential element of
26 his claim).

27      6.   Defendants shall file a reply brief no later than **fourteen (14) days** after plaintiff's
28

opposition is filed.

7. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

8. All communications by the plaintiff with the court must be served on defendants or defendants' counsel, by mailing a true copy of the document to defendants or defendants' counsel.

9. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

10. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 3/21/2016

LUCY H. KOH
United States District Judge